**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| HO WAN KWOK, et al.,[1] | Case No. 22-50073 (JAM) |
| Debtors. | (Jointly Administered) |
| LUC A. DESPINS, CHAPTER 11 TRUSTEE, | |
| Plaintiff, | |
| v. | Adv. Pro. No. 24-05014 (JAM) |
| PILLSBURY WINTHROP SHAW PITTMAN LLP, | |
| Defendant. | April 22, 2024 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT PILLSBURY WINTHROP**
**SHAW PITTMAN LLP'S MOTION TO DISMISS THE COMPLAINT**

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

**<u>TABLE OF CONTENTS</u>**

Page

PRELIMINARY STATEMENT ............................................................................................ 1

FACTS PLED IN THE COMPLAINT ................................................................................... 5

APPLICABLE LEGAL STANDARD .................................................................................... 6

ARGUMENT ......................................................................................................................... 7

I.      The Trustee's Alter Ego Theory Cannot Transform G Club's Property Into
        Property of the Debtor's Estate ............................................................................... 7

II.     The Complaint Fails Because It Does Not Adequately Allege that G Club Is the
        Debtor's Alter Ego ................................................................................................. 10

III.    The Trustee Does Not Plead Grounds to Substantively Consolidate the Debtor and
        G Club .................................................................................................................... 12

IV.     The Complaint Fails Because the Trustee has Failed to Join an Indispensable
        Party ...................................................................................................................... 14

V.      There is No Basis for Any Retroactive Relief ....................................................... 15

VI.     The Complaint Should be Dismissed With Prejudice............................................. 16

CONCLUSION.................................................................................................................... 17

# TABLE OF AUTHORITIES

Page(s)

Cases

*Am. Int'l Refinery v. Knight* (*In re Am. Int'l Refinery*),
    402 B.R. 728 (Bankr. W.D. La. 2008) .....................................................................7

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...............................................................................................6

*Attestor Value Master Fund v. Republic of Arg.*,
    940 F.3d 825 (2d Cir. 2019) .................................................................................16

*Drabkin v. Midland-Ross Corp.* (*In re Auto-Train Corp.*),
    810 F.2d 270 (D.C. Cir. 1987) ..............................................................................14

*First Nat'l Bank of Barnesville v. Rafoth* (*In re Baker & Getty Fin. Servs., Inc.*),
    974 F.2d 712 (6th Cir. 1992) ................................................................................14

*Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Elite Erectors, Inc.*,
    212 F.3d 1031 (7th Cir. 2000) ................................................................................7

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ....................................................................................6, 10, 12

*In re Bonham*,
    229 F.3d 750 (9th Cir. 2000) ................................................................................13

*Carroll v. Fort James Corp.*,
    470 F.3d 1171 (5th Cir. 2006) ..............................................................................10

*Colon v. Blades*,
    914 F. Supp. 2d 181 (D.P.R. 2011) .......................................................................10

*Copeland v. Merrill Lynch & Co.*,
    47 F.3d 1415 (5th Cir. 1995) ................................................................................12

*D.A.Co. v. Alturas Fl. Dev. Corp. y otro*,
    132 D.P.R. 905 (P.R. 1993) ..................................................................................8, 9

*In re DuMouchelle*,
    No. 19-54531, 2023 WL 8100234 (Bankr. E.D. Mich. Nov. 21, 2023) ..................8

*Fed. Nat'l Mortg. Ass'n v. Cobb*,
    738 F. Supp. 1220 (N.D. Ind. 1990) .....................................................................10

*Dahar v. Foistner* (*In re Foistner*),
    No. 17-10796-BAH, 2023 WL 6051406 (Bankr. D. N.H. Sept. 15, 2023) .............7

*Garvin v. Matthews*,
    74 P.2d 990 (Wash. 1938).......................................................................................7

*Highland CDO Opportunity Master Fund, L.P. v. Citibank, N.A.*,
    270 F. Supp. 3d 716 (S.D.N.Y. 2017).......................................................................9

*Hishon v. King & Spalding*,
    467 U.S. 69 (1984).....................................................................................................6

*In re Howland*,
    674 F. App'x 482 (6th Cir. 2017) ...............................................................7, 8, 13

*United States v. Int'l Longshoremen's Ass'n*,
    518 F. Supp. 2d 422 (E.D.N.Y. 2007) .....................................................................10

*United States v. JG-24, Inc .*,
    331 F. Supp. 2d 14 (D. P.R. 2004), *aff'd*, 478 F.3d 28 (1st Cir. 2007)......................8

*In re Kwok*,
    No. 22-50073 (JAM), 2023 WL 2962662 (Bankr. D. Conn. Apr. 14, 2023) ............8

*Ien v. TransCare Corp.* (*In re TransCare Corp.*),
    638 B.R. 691 (Bankr. S.D.N.Y. 2022).....................................................................12

*Chao v. Lexington Healthcare Grp.* (*In re Lexington Healthcare Group, Inc.*),
    316 B.R. 658 (Bankr. D. Del. 2004) ........................................................................15

*Macklin v. Butler*,
    553 F.2d 525 (7th Cir. 1977) ...................................................................................10

*Neitzke v. Williams*,
    490 U.S. 319 (1989)...................................................................................................6

*Nieto-Vincenty v. Valledor*,
    22 F. Supp. 3d 153 (D. P.R. 2014)............................................................................8

*In re Owens Corning*,
    419 F.3d 195 (3d Cir. 2005).....................................................................................12

*Park City Water Auth. v. N. Fork Apartments, L.P.*,
    No. 09–0240–WS–N, 2010 WL 5463814 (S.D. Ala. Dec. 29, 2010).....................10

*E.E.O.C. v. Peabody W. Coal Co.*,
    610 F.3d 1070 (9th Cir. 2010) .................................................................................15

*Picard v. Delta Nat'l Bank & Tr. Co.*,
    No. 08-01789 (CGM), 2022 WL 3365256 (Bankr. S.D.N.Y. Aug. 12, 2022) ........11

*Picard v. Natixis Fin. Prods. LLC*,
    655 B.R. 149 (Bankr. S.D.N.Y. 2023).....................................................................11

*Evangelista v. Silver (In re Silver)*,
    647 B.R. 897 (Bankr. E.D. Mich. 2022) ................................................................8

*Situ v. O'Neill*,
    124 F. Supp. 3d 34 (D. P.R. 2015) ........................................................................8

*Union Sav. Bank v. Augie/Restivo Baking Co. (In re Augie/Restivo Baking Co.)*,
    860 F.2d 515 (2d Cir. 1988) ................................................................12, 13, 14

*Verestar, Inc. v. Am. Tower Corp. (In re Verestar, Inc.)*,
    343 B.R. 444 (Bankr. S.D.N.Y. 2006) ................................................................13

<u>Statutes and Codes</u>

United States Code
    Title 11, Section 327 ............................................................................................1
    Title 11, Section 330 ............................................................................................1
    Title 11, Section 549 ................................................................................. *passim*

Connecticut General Statutes Annotated
    Section 33-673b(a) ...............................................................................................9

<u>Rules and Regulations</u>

Federal Rules of Bankruptcy Procedure

    Rule 7009 .............................................................................................................9
    Rule 7010 .............................................................................................................2
    Rule 7012 ......................................................................................................1, 14
    Rule 7019 ...........................................................................................................14

Federal Rules of Civil Procedure
    Rule 9(b) ..............................................................................................................9
    Rule 10(c) ......................................................................................................2, 10
    Rule 12 .........................................................................................................1, 14

    Rule 15(a)(2) .....................................................................................................16
    Rule 19(a) ..........................................................................................................14

Defendant Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury"),[2] by and through its undersigned counsel, submits this memorandum of law in support of its motion to dismiss the complaint [Docket No. 1, "Compl."] filed by Plaintiff Luc A. Despins, in his capacity as the Debtor's chapter 11 trustee (the "Trustee"), pursuant to Rule 12(b) of the Federal Rules of Civil Procedure (as incorporated by Rule 7012 of the Federal Rules of Bankruptcy Procedure) ("Rule 12"). In support of the motion, Pillsbury states as follows:

## PRELIMINARY STATEMENT

1.      Shortly after his appointment, the Trustee served a subpoena with broad Rule 2004 discovery requests on G Club Operations LLC ("G Club"). G Club, in the ordinary course, retained Pillsbury to represent it in connection with the subpoena and any related court proceedings, and Pillsbury entered a notice of appearance on June 6, 2023. (Chapter 11 Docket No. 1884.) At no point did the Trustee, the Court, or any other party in interest suggest that Pillsbury, as counsel to a non-debtor third party, was required to file a retention application or seek Court approval of its fees pursuant to sections 327 and 330, or any other section, of the Bankruptcy Code. Any such suggestion would have been nonsensical, as these provisions plainly apply only to professionals retained by estate representatives. Nevertheless, by this action, the Trustee seeks to avoid, pursuant to 11 U.S.C. § 549, $1,599,822.93 of payments G Club made to Pillsbury as compensation for its legal work on the basis that the payments were "postpetition transfers of estate property [that] were not authorized." (Compl. ¶ 3.)

2.      Although G Club is not a debtor, the Trustee contends that it is an alter ego of Mr. Kwok, one of the Debtors in these cases, and that, as such, its assets are "property of the estate"

---

[2] Capitalized terms not defined in this memorandum have the meanings ascribed to them in the Complaint.

retroactive to the date of the Debtor's Petition, unburdened by G Club's liabilities.  The Trustee's legal theory is critically flawed, however, for a number of reasons, including:

a.       Under Puerto Rico law, which governs the alter ego analysis here, an alter ego remedy merely makes the alter ego vicariously liable for the debtor's debts once a judgment against the debtor is obtained and a determination of alter ego with the non-debtor is made.  It does not give the debtor an ownership interest in the alter ego's assets.  Thus, even if the Trustee prevails in establishing that G Club is the Debtor's alter ego, an alter ego remedy would not transform G Club's assets into property of the Debtor's estate.  Indeed, whether Puerto Rico law applies or not, the vast majority of courts, including courts in Connecticut, agree that "alter ego" effects a collection remedy and not a usurpation of the alter ego's assets.  *See* Section I *infra*.  The Trustee has no basis to recover G Club's payments to Pillsbury under section 549 of the Bankruptcy Code.

b.       Even if an alter ego remedy could consolidate G Club's assets with those of the Debtor, the complaint fails to allege non-conclusory facts that, if proven, would establish the Trustee's entitlement to the requested relief at all or with retroactive effect.  The complaint does not plead facts relevant to any of the eleven factors that courts applying Puerto Rico law consider in determining whether to pierce a corporate veil.  Instead, it simply states, in conclusory fashion, that G Club was the Debtor's "personal piggy-banks."  (Compl. ¶ 16.)   The Trustee attempts to overcome this deficiency by purporting to incorporate by reference a complaint from an action against G Club that he "will imminently commence," but Federal Rule of Bankruptcy Procedure 7010 (incorporating Federal Rule of Civil Procedure

10(c)) only permits incorporation of allegations from prior filed pleadings. The Trustee's attempt to incorporate a to-be-filed pleading from an unspecified adversary proceeding does not give Pillsbury fair notice of the grounds upon which the Trustee's claim rests and is thus improper.

c.    Although the Trustee does not explicitly seek an order substantively consolidating the Debtor and G Club in this or any subsequently filed complaint against G Club, the relief sought in this complaint seeks to treat G Club's assets as if they were substantively consolidated with the Debtor's assets. But the facts pled in the complaint do not establish a basis for substantive consolidation. Among other deficiencies, the Trustee fails to explain how an order deeming G Club's assets to be assets of the estate would promote the "sole purpose" of substantive consolidation, which is "to ensure the equitable treatment of *all* creditors." On the contrary, the Trustee's express objective — to recover payments made to creditors of G Club and redistribute the funds to creditors of the Debtor — would do just the opposite. Nowhere does the Trustee acknowledge that if G Club and the Debtor were substantively consolidated G Club's hundreds of millions of dollars of liabilities would become liabilities of the Debtor's estate.

3.    In sum, the Trustee misapplies the term "alter ego" to encompass concepts such as veil piercing, reverse veil piercing, vicarious liability and (partial) substantive consolidation trying to obtain relief that none of these theories (even if they were adequately pled) provide – making G Club's assets the Debtor's assets as of the Petition Date, such that non-debtor G Club's "post-petition" payment of its expenditures required pre-approval by the Court under section 549 of the Bankruptcy Code.

4.      Finally, the Trustee's suit against Pillsbury is part of a series of fraudulent transfer, preference and post-petition transfer actions filed against service providers, the providers of goods and every law firm that represents, or has represented, one of the many companies the Trustee believes to be an alter ego of Mr. Kwok.[3]  These actions were filed shortly before the Trustee commenced a series of larger, far more significant lawsuits against the underlying clients of these law firms, which collectively seek several hundred million dollars in damages.  This timing makes clear that the Trustee's aggressive campaign against Pillsbury and the other law firms is not an honest attempt to redress an injury to the Debtor's estate or its creditors.  It is artifice designed to kneecap the Trustee's true adversaries — the alleged alter ego companies — by discouraging *any* law firm that expects to be paid for its work from appearing in this new round of litigation.

5.      The Court should put a quick end to the Trustee's gambit and dismiss the complaint with prejudice.

---

[3]  (*See, e.g.*, Adv. Pro. 24-05258 against Hogan Lovells International LLP, as counsel to Hamilton Opportunity Fund SPC; Adv. Pro. 24-05257 against Mishcon de Reya LLP, as counsel to Saraca Media Group, Inc.; Adv. Pro. 24-05233 against Brune Law PC, as counsel to Leading Shine NY Ltd.; Adv. Pro. 24-05229 against Marcum LLP, as counsel to Lexington Property and Staffing LLC and HCHK Technologies Inc.; Adv. Pro. 24-05214 against Petrillo Klein & Boxer LLP, as counsel to Lamp Capital LLC; Adv. Pro. 24-05213 against Georgiou Payne Stewien LLP, as counsel to Leading Shine NY Ltd; Adv. Pro. 24-05208 against Zeisler & Zeisler, P.C., as counsel to Greenwich Land, LLC; Adv. Pro. 24-05205 against Marini Pietrantoni Muniz LLC, as counsel to G Club International Limited; Adv. Pro. 24-05202 against Clayman Rosenberg Kirshner & Linder LLP, as counsel to Lamp Capital LLC and Golden Spring (New York ) Limited; Adv. Pro. 24-05200 against Wedlake Bell LLP, as counsel to Lexington Property and Staffing Inc.; Adv. Pro. 24-05196 against Morvillo Abramowitz Grand Iason & Anello P.C., as counsel to HCHK Property Management Inc.; Adv. Pro. 24-05194 against McManimon, Scotland & Baumann, LLC, as counsel to HCHK Property Management Inc. and HCHK Technologies Inc.; Adv. Pro. 24-05192 against Forbes Hare LLP, as counsel to Lamp Capital LLC; Adv. Pro. 24-05188 against Weddle Law PPLC, as counsel to HCHK Property Management Inc. and HCHK Technologies Inc.; Adv. Pro. 24-05187 against Wildes & Weinberg, P.C., as counsel to Golden Spring (New York) Ltd.; Adv. Pro. 24-05186 against Berkeley Rowe Limited, as counsel to Golden Spring (New York) Limited, and Leading Shine NY Ltd.; Adv. Pro. 24-05184 against Yankwitt LLP, as counsel to Lamp Capital LLC; Adv. Pro. 24-05181 against Ganfer Shore Leeds & Zauderer, LLP, as counsel to Lamp Capital LLC and Golden Spring (New York) Limited; Adv. Pro. 24-05163 against Harcus Parker Limited, as counsel to Lamp Capital LLC and Golden Spring (New York) Limited; Adv. Pro. 24-05152 against Troutman Pepper Hamilton Sanders LLP, as counsel to Lamp Capital LLC and Golden Spring (New York) Limited; Adv. Pro. 24-05140 against Quinones Law PLLC, as counsel to G Club Operations LLC; Adv. Pro. 24-05137 against Bellerive Attorneys at Law, as counsel to G Club Operations LLC; Adv. Pro. 24-05071 against Chiesa Shahinian & Giantomasi PC, as counsel to Lamp Capital LLC and Greenwich Land, LLC; Adv. Pro. 24-05140 against Phillips Nizer LLP, as counsel to Lamp Capital LLC and Lexington Property and Staffing Inc.; Adv. Pro. 24-05137 against The Quinlan Law Firm, LLC, as counsel to Rule of Law Foundation III Inc.; and Adv. Pro. 24-05020 against Slaughter Law Group, PC, as counsel to Leading Shine NY Ltd.).

## FACTS PLED IN THE COMPLAINT

6.      The Trustee's complaint is only eight pages long.  A material portion of those eight pages is devoted to summarizing procedural posture and characterizing the nature of other proceedings before this Court.  (*See, e.g.*, Compl. ¶¶ 14-15 (asserting that "the trustee has commenced a number of adversary proceedings" and purporting to summarize "[t]he fact patterns in these [other] litigations")).  The allegations against Pillsbury are mapped out in just a few sentences in the complaint.

7.      The complaint alleges that G Club "transferred funds in the amount of $1,599,822.93 after the Petition Date . . . to the Defendant as initial transferee" (Compl. ¶ 2) and that "GClub [sic] is one of numerous alter ego shell companies used by the Debtor to defraud his creditors." (*Id.* ¶ 13.)  The complaint does not present any facts relevant to a determination as to whether G Club is in fact an alter ego of the Debtor.  Instead, it asserts that "[t]he Trustee has or will imminently commence an adversary proceeding against GClub, which adversary proceeding seeks, among other things, a declaratory judgment that GClub was the alter ego of the Debtor" and that "[t]he Trustee incorporates by reference herein, the Trustee's Complaint filed in such adversary proceeding."  (*Id.* ¶ 13 n.13.)  However, the complaint does not identify the pleading that it purports by incorporate, by docket reference, adversary proceeding number, or date.

8.      From these allegations, the Trustee asks the Court to conclude that G Club is the Debtor's alter ego and that "[a]s of the Petition Date [of these chapter 11 cases], all of the Debtor's property held through his alter egos, including GClub [sic] became property of the Debtor's chapter 11 estate."  (*Id.* ¶ 17.)  These conclusory statements are all that support the complaint's

single count, which seeks to avoid G Club's $1,599,822.93 payment to Pillsbury pursuant to section 549 of the Bankruptcy Code.  (*Id.* ¶¶ 23-29.)[4]

## APPLICABLE LEGAL STANDARD

9.      "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989) (second citation omitted) (first citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).  Claims will only survive if the plaintiff alleges facts sufficient "to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  A plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  In deciding whether a plaintiff has made this showing, a court should disregard "legal conclusions" and "conclusory statements."  *Id.*; *see also Twombly*, 550 U.S. at 555 (holding that a plaintiff cannot rely on mere "labels and conclusions").

---

[4] The Trustee cites to other adversary proceedings in which the Court allegedly has ruled "that the Debtor's shell companies were his alter egos."  (Compl. ¶ 14 & n.4.)  Leaving aside whether any of those rulings were made on a contested adversary record or by default against parties other that G Club or Pillsbury if the Trustee is relying or is intending to rely on any decision or ruling in any other adversary proceeding, they  cannot be used here to cure an inadequately pled claim (or to establish any fact in this adversary proceeding).  Pillsbury was not a party to any of those other matters, and thus the allegations against Pillsbury must be sufficiently pled within the four corners of the Complaint to sustain a claim.  They cannot be incorporated by shorthand or in a conclusory fashion.  In short, Pillsbury cannot be estopped or bound by them. *See Ien v. TransCare Corp.* (*In re TransCare Corp.*), 638 B.R. 691, 695, 705-06 (Bankr. S.D.N.Y. 2022) ("non-mutual offensive collateral estoppel can be applied only as to defendants that have litigated an issue and lost to another plaintiff in a prior action, and then only if additional requirements are met"); *see also Copeland v. Merrill Lynch & Co.*, 47 F.3d 1415, 1423 (5th Cir. 1995) (collateral estoppel is equitable doctrine "applied only when the alignment of the parties and the legal factual issues raised warrant it").

**ARGUMENT**

I.    **The Trustee's Alter Ego Theory Cannot Transform G Club's Property Into Property of the Debtor's Estate**

10.    Section 549 of the Bankruptcy Code provides that "the trustee may avoid a transfer of property of the estate that occurs after the commencement of the case." 11 U.S.C. § 549(a)(1). The transfers in this case were made by G Club, which is not a debtor.  The Trustee asserts, however, that G Club was the Debtor's alter ego and that "all of the Debtor's property held through his alter egos . . . became property of the Debtor's chapter 11 estate." (Compl. ¶ 17.)  The Trustee's theory is mistaken.

11.    Alter ego, properly applied, is not a valid cause of action or catch all that transforms a non-debtor's assets into the assets of the debtor.  It is a collection remedy that allows creditors of the debtor to try to collect their debts from the alter ego.  This paradigm defeats any claim that the transfer by to G Club (the alleged transferor in the complaint), an entity incorporated under Puerto Rico law, to Pillsbury as a transfer by the Debtor, because under Puerto Rico law, there is no combining of assets on a finding of alter ego, or on a finding that the corporate veil will be pierced to permit claims against a corporate entity to be collected from a related owner.

12.    There are two general approaches to veil piercing, to establishing the right to an alter ego remedy.  Courts in some jurisdictions apply the "identity approach," under which "piercing the corporate veil expands the debtor's estate to include the property of its alter ego by deeming a corporation and its alter ego to be a single entity."  *See, e.g.*, *In re Howland*, 674 F. App'x 482, 486 (6th Cir. 2017) (internal quotation marks and second citation omitted) (first quoting *Am. Int'l Refinery v. Knight* (*In re Am. Int'l Refinery*), 402 B.R. 728, 744 (Bankr. W.D. La. 2008)).

13.     However, the more prevalent approach "employs veil piercing as a form of vicarious liability, shifting liability from the debtor to its alter ego." *Id.* (citations omitted).   Under this approach, "[t]he doctrine of alter ego does not create assets for or in the corporation.  It simply fastens liability upon the individual who uses the corporation merely as an instrumentality in the conduct of his own personal business." *Id.* (alterations in original) (quoting *Garvin v. Matthews*, 74 P.2d 990, 992 (Wash. 1938)); *Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1038 (7th Cir. 2000) ("Efforts to pierce the corporate veil ask a court to hold A vicariously liable for B's debt."); *Dahar v. Foistner* (*In re Foistner*), No. 17-10796-BAH, 2023 WL 6051406, at *19 (Bankr. D. N.H. Sept. 15, 2023) ("While the trustee's theory would result in some type of merger, an alter ego finding only imposes liability.").

14.     Puerto Rico law, which governs the alter ego analysis here,[5] falls into the second camp.  *See D.A.Co. v. Alturas Fl. Dev. Corp. y otro*, 132 D.P.R. 905, 919, 925 (P.R. 1993) (where "corporation is [a] mere alter ego" court may "hold the capital of the stockholders accountable for the debts and obligations of the corporation"); *United States v. JG-24, Inc* ., 331 F. Supp. 2d 14, 63 (D. P.R. 2004) ("A person who is the alter ego of a corporation, or the individual behind the corporate veil when pierced, is also personally liable for the corporation's liabilities."), *aff'd*, 478 F.3d 28 (1st Cir. 2007); *Nieto-Vincenty v. Valledor*, 22 F. Supp. 3d 153, 162 (D. P.R. 2014) ("[I]ndividual liability [may be] imposed upon the individuals for which the corporate entity served merely as an alter ego.") (alterations added) (citations omitted); *Situ v. O'Neill*, 124 F. Supp. 3d 34, 54 (D. P.R. 2015) ("A person who is the alter ego of a corporation, or the individual behind

---

[5] G Club is a Puerto Rican limited liability company. *Complaint of Chapter 11 Trustee*, ¶ 19 (Adv. Proc. No. 24-05275, Feb. 15, 2024) [Docket No. 1].  "The law of the governing jurisdiction of a foreign limited liability company governs . . . the issue of veil piercing." *In re Kwok*, No. 22-50073 (JAM), 2023 WL 2962662, at *4 (Bankr. D. Conn. Apr. 14, 2023) (alterations added) (citation omitted).

the corporate veil when pierced, is personally liable for the corporations' liabilities.") (citation omitted).

15.     Under this "vicarious liability approach . . . veil piercing does not give the pierced entity (*i.e.*, the debtor) an interest in its alter ego's assets." *Howland*, 674 F. App'x at 487.  Quite the opposite, and thus Puerto Rico's vicarious liability approach "dooms" the Complaint against Pillsbury because section 549 applies only to transfers involving "property of the estate." *See id.* at 487-88 (holding that trustee failed to state a fraudulent transfer claim "[b]ecause Kentucky veil piercing does not transform the alter ego's property into the property of the debtor"); *Evangelista v. Silver* (*In re Silver*), 647 B.R. 897, 910 (Bankr. E.D. Mich. 2022) (finding that even if an alter ego remedy were applied, "the property of Silver's Jewelry and Loan, Inc. is not 'transformed' into property of Jason Silver's estate") (citation omitted); *In re DuMouchelle*, No. 19-54531, 2023 WL 8100234, at *7 (Bankr. E.D. Mich. Nov. 21, 2023) (same).[6]  The law is the same in Connecticut – alter ego is a remedy not a means to combine the assets and liabilities of distinct entities.  In Connecticut piercing the corporate veil is a statutory action which provides: "A statutory limitation on the *liability* of an interest holder of a domestic entity *for a debt, obligation or other liability of such domestic entity*…"  Conn. Gen. Stat. Ann. § 33-673b(a) (West 2022) (emphasis added).

---

[6] The Trustee asserts that he has "commenced a number of adversary proceedings" to "establish that the Debtor's shell companies were his alter egos and/or that such companies and their assets were equitably owned by the Debtor." (Compl. ¶ 14.)  In jurisdictions that recognize it, "the theory [of equitable ownership] is not an alternative to veil piercing, but rather a recognition that veil piercing can apply to someone who is not a legal owner of a corporation if he exercises sufficient control and uses that control to commit a fraud or wrong." *See Highland CDO Opportunity Master Fund, L.P. v. Citibank, N.A.*, 270 F. Supp. 3d 716, 733 (S.D.N.Y. 2017) (alterations added).  Thus, to the extent that the Trustee relies on an "equitable ownership" theory here, it fails for the same reasons as his alter ego theory.

## II.    The Complaint Fails Because It Does Not Adequately Allege that G Club Is the Debtor's Alter Ego

16.    Even if the Trustee's alter ego theory could transform G Club's property into property of the Debtor's estate, the complaint lacks non-conclusory factual allegations that, if proven, would warrant imposition of an alter ego remedy.  To prevail on an alter ego theory under Puerto Rico law, a plaintiff must prove that "there is no adequate separation between the corporation and the stockholder," and that veil piercing is necessary to avoid "sanctioning fraud, promoting injustice, evading a legal obligation, defeating public policy, justifying inequity, protecting fraud, or defending crime." *Alturas*, 132 D.P.R. at 927[7] (citations omitted). An eleven-factor test governs whether there is a lack of adequate separation.[8]  The complaint against Pillsbury, which is only eight pages long, fails to plead any of these factors and simply states, in conclusory fashion, that G Club was the Debtor's "personal piggy-banks."  (Compl. ¶ 16.)

17.    The Trustee attempts to overcome this obvious deficiency by asserting that he "has or will imminently commence an adversary proceeding against GClub," and he purports to "incorporate[ ] by reference herein, the Trustee's Complaint filed in such adversary proceeding." (Compl. ¶ 13 n.3.)  Although the Federal Rules provide that "[a] statement in a pleading may be adopted by reference . . . in any other pleading," Fed. R. Civ. P. 10(c), the Trustee's purported incorporation of a to-be-filed complaint against G Club falls well outside the scope of what Rule 10(c) permits.

---

[7]  The Complaint clearly fails to allege with specificity the circumstances giving rise to any fraud or similarly based claims, providing an independent basis to dismiss the complaint.  Federal Rule of Bankruptcy Procedure 7009, incorporating Federal Rule of Civil Procedure 9(b).

[8]  Those factors include: "(1) the stockholder's control of corporate affairs; (2) the treatment of corporate assets as personal assets; (3) the unrestricted withdrawal of corporate capital; (4) the commingling of corporate and personal assets; (5) the inadequate structure of corporate capital; (6) the lack of corporate records; (7) the nonobservance of corporate formalities; (8) inaction of the other officers and directors; (9) failure to declare dividends; (10) the stockholder's holding himself or herself out as being personally liable for the obligations of the corporation; and (11) management of the corporation without regard to its independent existence." *Colon v. Blades*, 914 F. Supp. 2d 181, 192 (D.P.R. 2011) (quoting *Alturas*, 132 D.P.R. at 928 n.3).

18.     Rule 10(c) does not exempt a plaintiff from the rule that a complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (alterations added) (citation omitted).  As such, "references to prior allegations must be direct and explicit, in order to enable the responding party to ascertain the nature and extent of the incorporation." *United States v. Int'l Longshoremen's Ass'n*, 518 F. Supp. 2d 422, 461 (E.D.N.Y. 2007) (citations omitted); *accord Carroll v. Fort James Corp.*, 470 F.3d 1171, 1176 (5th Cir. 2006) (incorporation must be done with "specificity and clarity").  "[T]his rule allows incorporation only from pleadings filed *prior* to the incorporating pleading." *Park City Water Auth. v. N. Fork Apartments, L.P.*, No. 09–0240–WS–N, 2010 WL 5463814, at *4 n.10 (S.D. Ala. Dec. 29, 2010) (alterations added) (citations omitted) (defendant's answer could not "incorporate any affirmative defenses" raised by other defendants in subsequently filed answers); *see also Macklin v. Butler*, 553 F.2d 525, 528 (7th Cir. 1977) ("pleadings may incorporate *earlier pleadings* by reference"); *Fed. Nat'l Mortg. Ass'n v. Cobb*, 738 F. Supp. 1220, 1227 (N.D. Ind. 1990) (same).

19.     The complaint fails to satisfy that standard.  It does not identify a discrete pleading or even a specific adversary proceeding number, and it is not clear from the circumstances to which pleading the Trustee refers.  There were no actions pending against G Club before the Trustee sued Pillsbury.  However, since commencing suit against Pillsbury, the Trustee has filed at least three separate complaints against G Club in three separate adversary proceedings.  (*See* Adv. Pro. No. 24-05263, filed on February 15, 2024, Adv. Pro. 24-05275, filed on February 15, 2024, Adv. Pro. No. 24-05249, filed on February 29, 2024.)  The Trustee could claim that any of those complaints are incorporated into this action, or, if he exercises his right to amend, he could argue that a yet-to-be-filed amended complaint governs.  He could also file a fourth action against G Club at some time in the future and claim that the fourth complaint is the one he intended to incorporate here.

20.     Without an adversary proceeding number and docket reference, Pillsbury has no way to determine which pleading is incorporated into the complaint against it.  *Contra Picard v. Delta Nat'l Bank & Tr. Co.*, No. 08-01789 (CGM), 2022 WL 3365256, at *3 (Bankr. S.D.N.Y. Aug. 12, 2022) (plaintiff "adopt[ed] by reference" amended complaint "filed against Fairfield Sentry in adversary proceeding 09-1239"); *Picard v. Natixis Fin. Prods. LLC*, 655 B.R. 149, 166 (Bankr. S.D.N.Y. 2023) (complaint "incorporate[d] by reference the allegations contained in paragraphs 1–17, 68–340 and 356–392 of the Luxalpha Complaint") (alterations added) (citation omitted).

21.     The complaint thus fails to give Pillsbury "fair notice of . . . the grounds upon which [the Trustee's claims] rest." *Twombly*, 550 U.S. at 555 (alterations added) (citation omitted).

## III.    The Trustee Does Not Plead Grounds to Substantively Consolidate the Debtor and G Club

22.     The Trustee is not seeking substantive consolidation, which, unlike veil piercing "treats separate legal entities as if they were merged into a single survivor" with consolidated "assets and liabilities."  *See In re Owens Corning*, 419 F.3d 195, 205 (3d Cir. 2005) (citation omitted).  However, even if the Trustee were seeking to consolidate the Debtor with G Club (or any of the other alleged alter ego companies), or even though it does not apply to a Puerto Rican entity, if the Trustee intended to proceed under the "identity approach" to alter ego, dismissal would be appropriate.

23.     Substantive consolidation requires proof that either "creditors dealt with the entities as a single economic unit and did not rely on their separate identity in extending credit" or that "the affairs of the debtors are so entangled that consolidation will benefit all creditors."  *Union Sav. Bank v. Augie/Restivo Baking Co.* (*In re Augie/Restivo Baking Co.*), 860 F.2d 515, 518 (2d

Cir. 1988).  The Trustee does not plead either of the *Augie/Restivo* factors here.  In fact, the complaint, fairly read, alleges just the opposite.

24.    The complaint does not allege that creditors dealt with the Debtor and G Club (or any of the other alleged alter ego companies) as a "single economic unit."  Instead, it suggests that the Debtor's creditors were not even aware that the alleged alter ego companies existed.  (*See, e.g.*, Compl. ¶ 16 (alleging that Debtor used "alter egos" to "conceal[ ] assets . . . from his creditors").) Dismissal is appropriate where, as here, "there is no specific allegation of creditor confusion" or that "creditors extended credit on the basis of [an affiliate's] financials or credit reports or . . . consolidated financial statements."  *See Verestar, Inc. v. Am. Tower Corp.* (*In re Verestar, Inc.*), 343 B.R. 444, 463 (Bankr. S.D.N.Y. 2006); *In re Howland*, 674 F. App'x at 489 (dismissing substantive consolidation count where complaint "devoid of any factual allegations that any creditor relied on the debtors' disregard of corporate formalities in making a business decision in connection with either entity").

25.    The Trustee also fails to allege that the "affairs of the entities to be consolidated are so entangled" that consolidation will benefit all creditors.  *In re Verestar*, 343 B.R. at 462-63. Instead, the Trustee's theory is that the Debtor wrongfully transferred his personal assets to the alleged shell companies to hide them from his creditors.  The Trustee, however, has identified those transfers and has asserted fraudulent transfer claims against each of the alleged shell companies to recover them.  (*See, e.g.*, Complaint, Adv. Pro. 24-05275 [Docket No. 1] (seeking to avoid hundreds of millions of dollars in transfers to G Club and others).)  As there is "no allegation that it is impossible to sort out the intercompany transfers or that the companies' respective rights to the cash cannot be traced," substantive consolidation is not appropriate here.  *In re Verastar*, 343 B.R. at 463.

26.     Finally, the Trustee does not attempt to show how an order deeming G Club's assets to be assets of the estate would promote the "sole purpose" of substantive consolidation, which is "to ensure the equitable treatment of *all* creditors." *In re Augie/Restivo*, 860 F.2d at 518. To the contrary, the Trustee's express objective in this litigation and in his many other suits, is to recover funds from creditors of the alleged alter ego companies and redistribute them to creditors of the Debtor. (*See, e.g.*, *Chapter 11 Trustee's Answer and Counterclaims*, ¶¶ 118-119 (Adv. Proc. No. 22-05003, Sept. 23, 2022) [Docket No. 36]; *Chapter 11 Trustee's Complaint*, ¶ 52 (Adv. Proc. No. 24-05249, Feb. 15, 2024) [Docket No. 1] ("The Trustee has been steadily unraveling the Debtor's shell game. . .")). This is not an appropriate use of substantive consolidation (or for that matter the "identity approach" to alter ego). *See In re Bonham*, 229 F.3d 750, 764 (9th Cir. 2000) (the purpose of substantive consolidation is to "create a single fund from which all claims against the consolidated debtors are satisfied"); *First Nat'l Bank of Barnesville v. Rafoth* (*In re Baker & Getty Fin. Servs., Inc.*), 974 F.2d 712, 721 (6th Cir. 1992) (same).

**IV.     The Complaint Fails Because the Trustee has Failed to Join an Indispensable Party**

27.     The Trustee's failure to join G Club as a defendant in this adversary proceeding also is grounds for dismissal, with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(7), made applicable here by Federal Rule of Bankruptcy Procedure 7012 and Federal Rule of Civil Procedure 19(a) made applicable here by Federal Rule of Bankruptcy Procedure 7019.

28.     G Club is unquestionably an indispensable party to a complaint not simply alleging that it is the Debtor's alter ego, but that rises or falls on a finding it is the Debtor's alter ego. A decision in this adversary proceeding regarding whether G Club is the Debtor's alter ego would clearly have a direct and immediate impact on G Club, making it indispensable to this adversary proceeding. Indeed, G Club's indispensable position here is no different than where there is an action to set aside a lease or contract and all parties who may be affected by the court's decision

are indispensable.  *E.E.O.C. v. Peabody W. Coal Co.*, 610 F.3d 1070, 1082 (9th Cir. 2010); *see also, Chao v. Lexington Healthcare Grp.* (*In re Lexington Healthcare Grp.), Inc.*, 316 B.R. 658, 662 (Bankr. D. Del. 2004).

**V.    There is No Basis for Any Retroactive Relief**

29.    Even if there were grounds to consolidate G Club's estate (both assets and liabilities) with that of the Debtor's estate, it would be inappropriate to give retroactive or *nunc pro tunc* effect to a consolidation or alter ego order.  *Nunc pro tunc* relief is appropriate only when it "will not prejudice any party or frustrate the purposes of the Bankruptcy Code."  *Drabkin v. Midland-Ross Corp.* (*In re Auto-Train Corp.*), 810 F.2d 270, 275 (D.C. Cir. 1987).  The Trustee's complaint says nothing about G Club's creditors or how consolidation would not prejudice them, but the prejudice is obvious.  G Club's creditors do not have claims against the Debtor's estate.  Thus, an order deeming G Club's assets to be property of the Debtor's estates would remove assets from their reach and transfer them to bankruptcy court administration for the sole benefit of the Debtor's creditors.

30.    Indeed, because Pillsbury provided services to G Club, a non-debtor, substantially in response to discovery propounded by the Trustee for which G Glub required independent legal counsel, the prejudice to it (and others similarly situated) of this section 549 complaint, which depends on a ruling that any decision be given retroactive effective such that the date for determining any chapter 5 avoidance action is the date the Debtor filed for chapter 11, is beyond dispute.

31.    Similarly, the prejudice to Pillsbury's client who is alleged to be the Debtor's alter ego cannot be controverted.  If the Trustee's complaint has any merit, G Club cannot assure payment for necessary legal services to be rendered in response to existing and new legal actions by the Trustee, without the retention of those lawyers being approved by this Court and their fees

subjected to Court review and approval as if the client were not simply a chapter 11 debtor, but their client were the Debtor in this case.

32.    On the basis of this prejudice alone, the Court should conclude that the complaint fails to state a claim of relief.  Even if the Court were to conclude that a section 549 claim has been adequately pled, it should exercise discretion and approve the payments of past and future legal fees and expenses incurred to Pillsbury and dismiss the complaint as moot.  Pillsbury's fees and expenses were and are being incurred in response to the Trustee's discovery and asserted claims against G Club as well as in connection with the criminal actions against the Debtors.  To do anything else would be to threaten G Club's ability to defend against the claims asserted against it, and respond to the discovery propounded on it, by the Trustee and others, which could cause it simply to give up (which looks to be the Trustee's hope) – all unjust and prejudicial results.

## VI.    The Complaint Should be Dismissed With Prejudice

33.    Although Rule 15(a)(2) provides that a court "should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), leave to amend may be denied where—as here—amendment would be futile.  *See Attestor Value Master Fund v. Republic of Arg.*, 940 F.3d 825, 833 (2d Cir. 2019).  As the Trustee's alter ego theory cannot transform G Club's property into property of the Debtor's estate or otherwise apply to any transfer when G Club is not a debtor, the Trustee cannot show that the payments Pillsbury may be avoided under section 549 of the Bankruptcy Code and the prejudice to Pillsbury and G Club from a contrary result is untenable. No amendment could cure these deficiencies.

## <u>CONCLUSION</u>

34.     For the foregoing reasons, the Trustee's complaint should be dismissed with prejudice.


RESPECTFULLY SUBMITTED,

| GREEN & SKLARZ LLC | PILLSBURY WINTHROP SHAW PITTMAN LLP |
|---|---|
| */s/ Jeffrey M. Sklarz* | */s/ Andrew Troop* |
| Jeffrey M. Sklarz (ct20938) | Andrew Troop (*pro hac vice* pending) |
| Kellianne Baranowsky (ct26684) | Carolina A. Fornos (admitted *pro hac vice*) |
| One Audubon St, 3rd Floor | Rahman Connelly (*pro hac vice* pending) |
| New Haven, CT 06511 | 31 West 52nd Street |
| Tel: 203-285-8545 | New York, NY 10019 |
| jsklarz@gs-lawfirm.com | Telephone: 212-858-1000 |
| kbaranowsky@gs-lawfirm.com | Facsimile: 212-858-1500 |
| | andrew.troop@pillsburylaw.com |
| | carolina.fornos@pillsburylaw.com |
| | rahman.connelly@pillsburylaw.com |